You may proceed, Mr. Fedor. Thank you, and thank you, panel, for hearing me this morning and for granting oral argument. Mr. Williams, good morning to you as well. May it please the Court, I'd also like to reserve five minutes as rebuttal if I possibly could. All right, you have a clock, I'll also try to help you. Thank you very much. This is a very straightforward case and rather clear, but parties agree on the statutes that are applicable, the law that's applicable, the fraudulent misrepresentation statute, the negligent misrepresentation statute, and frankly, when the contracts were executed, when receiverships took place, and when the nursing home facilities at issue here actually imploded. We're all in agreement on that. And for the Court's background information, we're talking about 61 separate lease agreements in typically rural areas in Kansas, Nebraska, South Dakota, and Pennsylvania. And these master lease agreements were entered into in January and February 2017, and approximately 14 months later, the whole thing imploded. Mr. Laird Let me ask you this, if I may, in terms of the timing. You stated accurately, or at least you stated consistently with me understanding of the record, as to when the master lease agreement was signed. But as I read the complaint, two of the facilities, the facilities in Nebraska and Kansas, were transferred for operating purposes in late August 2016. So that is to say that your client seems to have been has some knowledge of the money coming in and the money going out beginning at that time. Mr. Laird That's a fair question, Your Honor. And they were operating those because the licenses had transferred at that time in those two different states. What I would, what I'd take a step back and review about is that we're talking about 61 separate facilities and a family run business. And so in a rural area, trying to find trying to get vendors on board, it's not something where you'd become aware of it immediately. Mr. Laird Well, but what I'm after is if you look at those two states for which we had the operating agreement transferred at the end of August, that's a total of 35 facilities. And I would guess then that when your clients on notice of financial problems in the facilities, that notice of financial problems probably took place a fair amount before they signed a master lease. Mr. Laird There were financial difficulties prior and during this entire period. You're correct, Judge. And that doesn't necessarily mean they were put on notice of it. And in fact, these aren't sophisticated investors and it ended up being a horrible investment. Obviously, they're out of business not long thereafter. Ms. Laird The fact that they're rural, that they might be unsophisticated, seems to me the element that's missing here is how do you meet your burden that they couldn't have made a discovery earlier despite reasonable diligence? I don't really see that anywhere in the record. And I think in the end, as I read the order below, that's part of it, is that there's missing this critical element of the discovery rule and the plaintiff's burden. Mr. Laird And I think that's a correct reading of the judge's opinion, Your Honor. There's two parts to that. One is the district court judge made a finding that the investigation did not take place until April of 2018. And that is an incorrect finding. In the actual record itself, in the complaint, in paragraph 223 of the second amended complaint, it was a discovery of fraud that took place. And she relied upon that saying that the investigation did not even commence until April of 2018 when the receivership proceedings started. But in fact, you make reference to paragraph 223. After the dismissal of the initial complaint, you were given leave to file a second amended complaint ultimately, correct? That's correct, Your Honor. And in terms of looking at the second amended complaint, your reference to paragraph 223, I think, is noteworthy in that that is the only conclusory paragraph that in any way addresses the need for greater specificity, given the burden that is upon you as to the discovery rule. The paragraph 23 reads in its totality, apparently, in April of 2018, after establishment of the receiverships, plaintiffs discovered the financial misrepresentations by defendants. That's the sum totality of what you included in the second amended complaint. Is that not correct? I think that's a fair statement, Judge. And that is it. That's all that you eventually alleged in paragraph 223 to which you're making reference. And in the second amended complaints, there are 32 paragraphs of background information and background allegations. And then there are seven paragraphs which specifically get into fraud allegations and addresses the who, what, where, and when, which is required for specificity. But as to the moment of discovery, but as to the moment of discovery, given the burden on you with respect to the discovery rule, as to specifically the matter of discovery, that is literally all that was added in the second amended complaint is that one sentence in paragraph 223. Isn't that correct? That's a fair statement, Judge. It brings me back to the question that I think is the crux of the case. We take that at face value of your discovery. That may be true. But you need to allege you could not have made an earlier discovery despite due diligence. That seems to me is what's totally missing. And that's independent of the specificity needed to plead the fraud. So is there anything we can look to in which you explain or allege this inability to have discovered this earlier, despite the fact that you were losing money hand over fist? Right. And there are bad investments. These were bad investments, obviously, which led to us going on to business and the receiverships. What we also cited as part of the record is... Let me just ask you again. And I think it's a yes or no answer. And then maybe there's an explanation for your answer. But is there any part in the pleading that alleges the reason you couldn't have made discovery earlier? We relied upon the false financial statements that were provided to us when we purchased these. And not until... Because it takes some time. Let me ask again. Is there anywhere in the record that you make the allegation, we could not have discovered this earlier because X. Do you ever make that allegation? Because we were operating the facilities and did not do it. And we could not have discovered it earlier. And then that's what you're saying. That's what the complaint boils down to. That's correct. It would have been impossible for us to have discovered it, given the time lag that we're talking about, going into the facilities and with the implosion not long thereafter. It was only after receiverships commenced that we actually discovered that the ancillary businesses were owned by the defendant principals, that the vendors were related to the defendant principals, and that the financial statements were such as they were. And in fact, defendants even proffered that they knew there was no way the plaintiffs could continue with the lease and be successful with the lease. And they had already started marketing it again because there was no chance this was ever going to go forward and come to fruition and be completed the lease terms. I hope that answered your question. To some degree. Let's leave it at that. Thank you. The second part of the point that I'd like to make is that the district court judge actually went beyond the four corners of the complaint and actually made a finding that we did not exercise due diligence. We're discussing a 12B6 motion here. We're discussing it in favor of a non-moving party. Looking at the four corners of the complaint, the second amended complaints, the lower court judge had no basis to make a finding that we didn't exercise due diligence. We're here on de novo review on this and we can just toss it out and say, well, we really are looking at the pleadings under the 12B6 standard. So that's to your favor, I think. Exactly. Thank you, Judge. Thank you for putting that on. What's the relevance, if any, of the allegation in the first amended complaint that became immediately apparent after taking control that the financial representations by the defendants were false and misleading? I understand we're now dealing with a second amendment complaint. Is it entirely irrelevant, what you alleged in the first amended complaint? It's not entirely irrelevant, although it shouldn't hold much weight. I would argue, and I certainly expected that language to come up this morning. Yeah, sure. It was immediately apparent that the plaintiffs in this matter were losing money hand over fist. That would have been the proper way to put it forward and a better use of verbiage. That was not used, though. It was a false and misleading statement. That did not mean, however, that they were put on a notice inquiry of fraud. That's a completely different issue. They were losing money hand over fist. There were 61 facilities and obviously it was overwhelming and led to the rest of my time. You may. Thank you. Thank you. Good morning, your honors. May it please the court. The sole question presented in the plaintiff's opening brief is whether the allegations in their second amended complaint were sufficient to meet the pleading standards applicable to the discovery rule in California. As explained by the California Supreme Court and other courts in numerous cases, including the Jolly v. Eli Lilly case, the Norgart v. Upjohn case, the discovery rule only postpones accrual of a cause of action until the plaintiff has reason to discover the cause of action, which means when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, it's inquiry notice. In California and federal law, including the Yamauchi case that was cited by the district court when dismissing the first amended complaint, very clearly may state that it is the obligation and the burden of the plaintiffs to plead specific facts showing not just the time of discovery, but how the discovery was made and that the plaintiffs could not have discovered the cause of action at an earlier time with the exercise of reasonable diligence. In other words, specific facts showing that you work on that. You know, I'd like to weigh in with just a nuance here. The California pleading rules are irrelevant. We're here dealing with federal pleading rules. So whatever California says about specific, California is a code pleading state. We're dealing with pleading rules in the federal court. Your honor, that's a fine point. Although I think it's a distinction without a difference given Iqbal and Twombly and that this court has said, for instance, in the Platt case, that the same rules apply or the same burden and the same need to allege specific facts do apply with respect to a plaintiff attempting to rely on the discovery rule. Or California SAMSUNG v. U.S. GIBSON is another one where the Ninth Circuit said if a plaintiff is trying to rely on a doctrine that tolls the statute of limitations, it's on the plaintiff to plead the facts that show that. So I get your point, although I think it's a distinction without a California court statements as to what needs to be applied because of that. So despite being provided an opportunity by the district court to plead application of the discovery rule, as Judge Bennett noted, paragraph 2223 of the second amendment complaint is the only allegation in the complaint that addresses the issue. And it's a single sentence that says nothing more than in April 2018, comma, after establishment of the receiverships, comma, plaintiffs discovered the financial misrepresentations by defendants. There's no allegation of how the discovery was made then. And there's certainly no allegation that they could not have discovered the supposed fraud or misrepresentations at an earlier time. That, frankly, should end the inquiry as to what was raised on their initial complaint. What Mr. Fedor has offered today in terms of why they couldn't have discovered it at an earlier time, not only was that not actually pled, but it's purely conclusory statements of, we just couldn't have done it. And the standards, federal, California, whichever apply, very clearly requires specific facts showing that you could not have done it. There's some other things that have been said that are just blatantly wrong in terms of this notion that they couldn't have known prior to the receiverships that there were ancillary providers or vendors for these facilities that were affiliated with my clients. That was actually disclosed in the OTAs that were attached to the second amended complaint. Paragraph 13B of the OTAs actually says the pharmacy provider, the therapy provider, are affiliated with the defendants. So that's actually there. There can't be a misrepresentation or an omission about something that is actually there and was disclosed in the OTAs themselves. With respect to the notion that my clients testified that the defendants couldn't complete the lease, that's not what was said in the hearing transcript. But I also would like to point out that this hearing transcript was attached to a response to a motion to dismiss, referenced in a footnote, basically saying, Judge, take judicial notice of this. And there was no explanation of how or why that played any part in this case at all. The district court was never given any explanation of what happened with this immediately apparent allegation. And even taking Mr. Fedor at his word that it should have said instead of it was immediately apparent that there were misrepresentations, which is what it actually said, even taking that as it was immediately apparent that they were losing money hand over fist, that's more than sufficient to put somebody on inquiry notice. It's as if somebody buys for instance a car and the seller says there's never been any issues. And when the buyer is driving off the lot, the motor falls out of the car. And there could be other explanations. It could be a coincidence. But it certainly puts them on inquiry notice to go out and figure out if what was said was true or not and to bring a claim. And that's the key here. I'd also add, even taking them at their word that they didn't discover the supposed fraud and misrepresentations until April of 2018, it was still well within the statute of limitations. If they were on inquiry notice before that point in time and they discovered it in April of 2018, all they had to do was bring the complaint in April of 2018. We wouldn't be sitting here today arguing about this. So they've had one opportunity to amend. Did they ask for a second opportunity to amend in the court below? There is a glancing reference to a request to amend in the response to the motion to dismiss. There is no explanation whatsoever of other facts that could be put forth with respect to that. And when the district court had a hearing on the motion to dismiss, there was never anything put forth to say, here's what else we could plead. Here's how we could explain this. That was just information that was never presented to the district court to allow the district court to even assess whether amendment would be futile or not. But every indication is they were on inquiry notice long before, including their own prior statements, which ought to mean something, even if they don't mean something for assessing the sufficiency of the second amended complaint itself, they ought to mean something in trying to determine whether or not to give leave to amend. Those were chosen words. Your honors, if there's not any other questions, I'll leave it at that. I do have one follow-up question in terms of the dismissal with prejudice here. Essentially, as I understand the jurisprudence here in the Ninth Circuit, dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment. And would you like to address that point in terms of whether or not this should have been dismissed with prejudice? Yes, your honor. A few points on that. First, the opening brief didn't even raise the point that the district court should have been granted leave to amend. That was not anything that was ever raised until the reply brief. And so under this court's precedence, that was waived. On top of that, as I just mentioned, there was never any indication given to the district court of what could be done to save the complaint, particularly in light of the allegations in the initial complaint and the amended complaint that the supposed misrepresentations were immediately apparent. As Judge Fletcher pointed out when they started taking over the operations, and as Judge Fletcher pointed out, that occurred back in the fall or late summer, early fall of 2016. So there was a really would have to be the start of their statute of limitations for them to be timely. And so there really was nothing given to the district court to rule on or to make that determination. And this comes on the heels of the district court having already given them the opportunity to make the pleading. So this was not the first opportunity they were given to actually state a claim and state the basis for which the statute of limitations should be told. For all those reasons, the district court, I believe under this court's precedence, had no obligation to give leave to amend. And as I said, that argument was waived anyway by not being made in the opening brief. Thank you. Thank you. Thank you, Your Honors. You have some time for rebuttal, Mr. Fedor. Thank you, judges. Thank you, Mr. Williams. I think what I need to put forward to the court here is that it's the inquiry notice which is at issue. Was inquiry notice in 2016? Was it in 2017? Was it in 2018? Plaintiffs have put forward that it wasn't until these receiverships were entered into that they were on notice and inquiry notice that there was fraud or fraudulent misrepresentations which took place. That's when they determined it. That's when it came to their knowledge. And that's what was pled. This isn't a summary judgment motion. This is a 12B6 motion. And the four corners of the complaint raise that. They outline the allegations, outline what led to the demise of this in the time period, and I think it's clear that it falls within the three-year statute of limitations for fraudulent misrepresentations. And I'd ask to complete my rebuttal that this court reverse the district court's findings on those grounds. Thank you. My thanks to both counsel for the argument this morning. The case of Schwartz v. Finn is submitted and the court is adjourned for the morning.
judges: McKEOWN, FLETCHER, Bennett